IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-262-BO

| | |
|---|---|
| DORIS DELBRIDGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 13, 2015, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB on September 7, 2010, and SSI on September 9, 2010, alleging disability since April 26, 2010. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 16, 2013. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's obesity and migraine headaches were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform medium work with some exertional and nonexertional limitations. The ALJ then found that plaintiff could return to her past relevant work as a hospital dietary aide and order clerk. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

3

Plaintiff contends that the ALJ erred in failing to acknowledge plaintiff's headache journal and in completely ignoring medical evidence of persistent and debilitating headache activity.

Substantial evidence supports the decision of the ALJ in this instance. While the ALJ did not specifically address plaintiff's headache journal in his decision, he considered plaintiff's subjective complaints, her hearing testimony, and the medical evidence containing her reports of her symptoms. Plaintiff's journal reinforces her testimony and subjective complaints regarding the frequency and severity of her headaches, but does not reveal information that the ALJ failed to consider by relying on other sources. The ALJ's failure to expressly consider plaintiff's journal was therefore at best harmless error and does not warrant remand or reversal of the ALJ's decision.

Plaintiff next contends that the ALJ's failure to expressly consider the treatment notes of Dr. Lee was error. An ALJ is not required, however, to expressly discuss every piece of medical evidence in the record. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision,") (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Review of Dr. Lee's notes reveals that they were consistent with the remainder of plaintiff's medical record in that they noted plaintiff's symptoms, her normal findings on examination, and a plan for treatment of her headaches. Tr. 548-48. Remand for the ALJ to explicitly discuss this record is therefore unnecessary. Based upon its review of the record in this matter, the Court finds that substantial evidence supports the ALJ's decision and that the ALJ employed the correct legal standard.

4

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 17] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this __28__ day of January, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE